UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10346-RGS

HARMONY HEALTHCARE INTERNATIONAL, INC.

v.

TLC OF THE BAY AREA, INC., d/b/a
VALLEY HOUSE REHABILITATION CENTER

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

June 1, 2023

STEARNS, D.J.

Plaintiff Harmony Healthcare International, Inc. (HHI) brought this lawsuit against defendant TLC of the Bay Area, Inc., d/b/a Valley House Rehabilitation Center (TLC) for its alleged failure to pay HHI for consulting services provided between April 1, 2022, and December 27, 2022. The Amended Complaint asserts claims for breach of contract (Count I) and quantum meruit (Count II). TLC moves to dismiss both counts pursuant to Fed. R. Civ. P. 12(b)(6). TLC also moves to dismiss Count II pursuant to Fed. R. Civ. P. 12(b)(2). For the following reasons, the court will deny the motions.

## BACKGROUND

The facts, drawn from the Amended Complaint and accompanying documents, and viewed in the light most favorable to plaintiff as the non-moving party, are as follows. HHI and TLC entered into a Master Agreement for Consulting Services (Agreement) for a one-year period ending December 27, 2021. The Agreement provided for the contract term to automatically renew for successive one-year periods unless TLC gave HHI written notice of cancellation at least 90 days prior to the end of each yearly installment. TLC did not provide HHI with a written notice of cancellation prior to December 27, 2021; thus, the Agreement self-renewed for an additional one-year term.

On April 1, 2022, TLC emailed HHI a notice of cancellation. Although TLC's notice did not address the Agreement's then-current December 27, 2022 expiration date, TLC refused to pay HHI for services rendered after April 1, 2022. HHI now seeks to recover its unpaid fees (said to amount to $74,112.92), plus interest at the contractual rate of 18% per annum, attorney's fees, and costs.

## DISCUSSION

### I. Rule 12(b)(6) Motion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted, as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Two pertinent principles guide the court's analysis.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  For a claim to be plausible, the pleaded factual content must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### a. Count I (Breach of Contract)

TLC argues that Count I should be dismissed because the Amended Complaint fails to sufficiently allege all of the required elements of a breach of contract claim.  To state a claim for breach of contract under Massachusetts law, "plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff sustained damages as a result of the breach." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007).  *See Singarella v. City of Boston*, 342 Mass. 385, 387 (1961).  TLC challenges the last element, contending that "the Amended Complaint only generally alleges damages for future services . . . but never alleges any specific services that were actually

3

provided to TLC." *See* Mem. in Supp. of Def.'s Mot. to Dismiss (Def.'s Br.) [Dkt # 20] at 9.

The court disagrees that the pleading is deficient. The Amended Complaint avers that "[t]he Plaintiff provided all the consulting services requested by the Defendant including travelling to the Defendant's medical facility to assist and consult with staff on-site at Defendant's request" and "invoiced the Defendant for the same." Am. Compl. [Dkt # 18] ¶ 9. HHI further states that TLC "has failed and refused to pay [HHI] for the services provided to [TLC] for the time period between April 1, 2022, and December 27, 2022." *Id.* ¶ 12. Because the court can reasonably infer from these allegations that services were provided and not paid for between April 1, 2022, and December 27, 2022, HHI has sufficiently pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. It accordingly denies the motion to dismiss Count I.

**b. Count II (Quantum Meruit)**

TLC offers two arguments to justify dismissal of Count II under Rule 12(b)(6). First, TLC asserts the quantum meruit claim should fail because it redundant of the breach of contract claim. However, under Massachusetts law and the Federal Rules of Civil Procedure a plaintiff may assert breach of contract and quantum meruit claims together at the pleading stage. *See*

4

*Limone v. United States*, 579 F.3d 79, 93 (1st Cir. 2009) (a plaintiff has "the right to plead alternative theories of liability . . . and their exercise of that right [does] not debar them from an independent review of each set of claims"; Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). The court accordingly declines to dismiss Count II on this ground.

Next, TLC alleges that HHI fails to sufficiently plead the elements of a quantum meruit claim. Under Massachusetts law, to state a claim for quantum meruit, a plaintiff must show that:

> (1) the plaintiff conferred a reasonable benefit upon the defendants; (2) defendants accepted the services with the reasonable expectation of compensating the plaintiff; and (3) the plaintiff provided the services with the reasonable expectation of receiving compensation.

*Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112, 141 (D. Mass. 2014) (citation omitted). *See also Finard & Co., LLC. v. Sitt Asset Mgmt.*, 79 Mass. App. Ct. 226, 229-230 (2011). TLC contends "the Amended Complaint does not describe any services provided by HHI to TLC after April 1, 2022, it does not state that such services were requested by TLC, or [sic] it does not allege any facts to show their reasonable value of those services." Def.'s Br. at 11.

5

Again, the court disagrees that the pleading is inadequate. Exhibits to the Amended Complaint detail communications between the parties, services performed, dates of the alleged breaches, and the amount of alleged damages.[1] *See* Ex. 1 to Am. Compl. [Dkt # 18 at 7-32]; Ex. 2 to Am. Compl. [Dkt # 18 at 33-36]. The court accordingly denies the motion to dismiss Count II for insufficient pleading.

## II. Rule 12(b)(2) Motion

TLC asserts Count II should be dismissed under 12(b)(2) for lack of personal jurisdiction over the quantum meruit claim. As plaintiff, HHI bears the burden of persuading the court that personal jurisdiction exists over TLC. *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n.*, 142 F.3d 26, 34 (1st Cir. 1998). HHI cites a provision of the Agreement that states "[t]he Client and the Facility submit to the personal jurisdiction of the courts of the Commonwealth of Massachusetts." Ex. 1 at 8. By signing the Agreement TLC submitted to personal jurisdiction in this court. *See* Def.'s Br. at 12 ("TLC does not challenge this [c]ourt's personal jurisdiction arising out of an alleged breach of [the Agreement]."). However, TLC contends that personal

---

[1] At the motion to dismiss stage, the court may take into consideration "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," in addition to the complaint's allegations. *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000), quoting 5A Wright & Miller, Federal Practice and Procedure § 1357 at 299 (1990).

jurisdiction does not extend to the quantum meruit claim; because "[q]uantum meruit is a quasi-contractual remedy that is only available *where there is no contract.*" Def.'s Br. at 12.

Personal jurisdiction is an individual right that can be waived as TLC concedes is the case with respect to the breach of contract claim. *Lechoslaw v. Bank of Am., N.A.*, 618 F.3d 49, 55 (1st Cir. 2010). It is true that, while a party may waive lack of personal jurisdiction, it is beyond the power of the parties to stipulate to subject matter jurisdiction. *Macera v. Mortg. Elec. Reg. Sys., Inc.*, 719 F.3d 46, 48-49 (1st Cir. 2013). This may be the proposition that TLC has in mind in resisting the court's jurisdiction over the quantum meruit claim. Under Massachusetts law, quantum meruit "is a claim independent of an assertion for damages under the contract, although both claims have as a common basis the contract itself." *J.A. Sullivan Corp. v. Commonwealth*, 397 Mass. 789, 793 (1986). It is an obligation that arises under quasi contract theory in which an obligation is "created by law 'for reasons of justice, without any expression of an assent and sometimes even against a clear expression of dissent.'" *Salamon v. Terra*, 394 Mass. 857, 859 (1985), quoting 1 A. Corbin, Contracts § 19 (1963). And under Massachusetts law, there is no obligation that a party make an election between its legal and equitable remedies before a court opine on the viability

7

of its complaint. This rule has special force in Massachusetts which merges law and equity under the general jurisdiction of the Superior Court. In other words, the claim at equity takes shelter under the same jurisdictional umbrella as the contract claim — hence there is no lack of subject matter jurisdiction, at least at this stage of the pleadings.

## ORDER

For the foregoing reasons, the Motion to Dismiss is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns     </u>
UNITED STATES DISTRICT JUDGE