UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10346-RGS

SMS FINANCIAL RECOVERY SERVICES,
LLC, as successor in interest to HARMONY
HEALTHCARE INTERNATIONAL, INC.

v.

TLC OF THE BAY AREA d/b/a VALLEY
HOUSE REHABILITATION CENTER

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

April 26, 2024

STEARNS, D.J.

In December of 2020, TLC of the Bay Area, Inc. (TLC), and Harmony Healthcare International, Inc. (HHI), entered into a Master Agreement for Consulting Services (the Agreement). The Agreement required TLC to order (and HHI to provide) $8,000 of consulting services per month. The Agreement set an initial expiration date of December 27, 2021, but automatically renewed for an additional one-year term when TLC failed to provide a written termination notice to HHI at least 90 days prior to the expiration date.

A few months into the renewed term, on April 1, 2022, TLC emailed HHI a notice purporting to terminate the Agreement. In response, HHI

invoiced TLC for the remainder due under the contract (*i.e.*, $8,000 a month through December 27, 2022). When TLC failed to pay the invoice, HHI filed the instant action alleging breach of contract (Count I) and quantum meruit (Count II). SMS Financial Recovery Services, LLC (SMS), as successor in interest to HHI, now moves for summary judgment on the breach of contract claim. For the following reasons, the court will allow the motion.[1]

## DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

---

[1] Because "[a] plaintiff is not entitled to recovery on a theory of quantum meruit where there is a valid contract that defines the obligations of the parties," the court will correspondingly enter judgment against SMS on Count II. *Boston Med. Ctr. Corp. v. Sec'y of the Exec. Office of Health and Hum. Servs.*, 463 Mass. 447, 467-468 (2012).

"Under Massachusetts law, a claim for breach of contract requires the plaintiff to show the existence of a valid and binding contract, that the defendant breached the contract's terms, and that the plaintiff suffered damages as a result of that breach." *Scholz v. Goudreau*, 901 F.3d 37, 43 (1st Cir. 2018). The parties agree that the Agreement is a valid and binding contract. They dispute, however, whether TLC breached the terms of that Agreement and whether HHI suffered any damages.

The court need not linger over on the issue of breach. The Agreement unambiguously provides for TLC to order at least $8,000 of consulting services per month for its duration. *See* Order of Services [Dkt # 44 at 106-114] at 9 ("<u>The Client shall be obligated to order and shall be obligated to pay HHI for all visits contemplated under the Term of the [Agreement] (including any extended and/or modified term) in accordance with the [Agreement]</u> . . . .") (emphasis in original); *see also* Agreement [Dkt # 44 at 90-105] 2 ("Client shall order services under this agreement in accordance with their contractual level of services set forth in the attached Order . . . ."); *id.* at 3 ("No change in the level, extent and/or frequency of Consulting Services . . . shall be binding upon HHI unless accepted in writing by HHI."); *id.* at 6 ("Client may opt to decrease their current Plan for any renewal term as long as written notice is provided to HHI in accordance with this

3

Agreement at least 90 days prior to the term renewal date of the current Plan."). TLC breached this obligation when it repudiated the contract on April 1, 2022 (and, in accordance with that repudiation, failed to order the requisite monthly $8,000 of services from April through December of 2022).² *See* Def.'s Resp. to Pl.'s First Set of Interrogs. ¶ 4 (citing April 1, 2022 email as terminating the contract).

Attempting to avoid the inevitable, TLC highlights HHI's failure to provide any consulting services between April and December of 2022, asserting that the Agreement "does not contemplate that [HHI] ought to get paid $74,000 for doing nothing."³ Def.'s Opp'n [Dkt # 45] at 9. The problem is this: HHI only "d[id] nothing" after TLC indicated its intent not to order the services contemplated by the Agreement. Because "[i]t is well established that a material breach by one party excuses the other party from further performance under the contract," *Lease-It, Inc. v. Massachusetts Port Auth.*, 33 Mass. App. Ct. 391, 397 (1992), quoting *Ward v. Am. Mut. Liab. Ins. Co.*, 15 Mass. App. Ct. 98, 100 (1983), TLC may not rely on HHI's

---

² TLC's reason for repudiating the contract, no matter how valid, does not change the underlying fact that a breach occurred.

³ Although TLC frames the issue as one of contract interpretation, the Agreement plainly mandates that TLC order $8,000 of consulting services a month from HHI. The court accordingly interprets TLC's argument to be one of excused nonperformance rather than the absence of any breach.

nonperformance of consulting obligations to retroactively excuse its own earlier material breach of the contract.[4]

Turning to damages, the court again finds no room for ambiguity. HHI contracted to receive $8,000 a month from TLC through December 27, 2022. TLC did not, however, pay HHI $8,000 a month between April and December of 2022. TLC's breach thus deprived HHI of "the benefit of the bargain" for these nine months. *Perroncello v. Donahue*, 448 Mass. 199, 206 (2007). That TLC chose to forego its own contractual benefit (monthly consulting services) in exchange for that monthly $8,000 does not obviate this harm.

## ORDER

For the foregoing reasons, the motion for summary judgment is ALLOWED. The Clerk shall enter judgment against TLC and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[4] The court rejects TLC's waiver argument for similar reasons.